IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 18-cv-03339-REB

ROBERT WOLF LOVATO,

    Plaintiff,

v.

ANDREW M. SAUL, Commissioner of Social Security,

    Defendant.

## ORDER AFFIRMING COMMISSIONER

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#1],[1] filed December 27, 2018, seeking review of the Commissioner's decision denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges he is disabled as a result of panic disorder with agoraphobia. After his applications for disability insurance benefits and supplemental security income benefits were denied, plaintiff requested a hearing before an administrative law judge. This hearing was held on October 26, 2017. At the time of the hearing, plaintiff was 25

---

[1] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

years old.  He has at least a high school education and past relevant work experience as a bicycle assembler and a porter.  He has not engaged in substantial gainful activity since at least November 30, 2015, his alleged date of onset.

The ALJ found plaintiff was not disabled and therefore not entitled to disability insurance benefits or supplemental security income benefits.  Although the medical evidence established plaintiff suffered from a severe mental impairment,[2] the judge found the severity of that impairment did not meet or equal any impairment listed in the social security regulations.  The ALJ determined plaintiff had the residual functional capacity to perform a range of simple, routine, medium work which required no contact with the general public and only limited contact with coworkers and supervisors.  Although this conclusion precluded plaintiff's past relevant work, the ALJ found there were other jobs existing in substantial numbers in the national and local economies he could perform.  He therefore found plaintiff not disabled at step five of the sequential evaluation. Plaintiff appealed this decision to the Appeals Council.  The Council affirmed.  Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if his physical and/or mental impairments preclude him from performing both his previous work and any other "substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2).  "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the

---

[2] Plaintiff's alleged physical impairment was found to be non-severe.  He does not challenge that determination in this appeal.

impairments in making a disability determination." **Campbell v. Bowen**, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)). However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. *See Kelley v. Chater,* 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a quinquepartite sequential evaluation process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform her past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform his past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(a)(4)(I)-(v).[3]  **See also Williams v. Bowen** 844 F.2d 748, 750-52 (10th Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four steps of this analysis.  **Bowen v. Yuckert**, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987).  The burden then shifts to the Commissioner to show the claimant is capable of performing work in the national economy.  **Id.**  A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis.  **Casias v. Secretary of Health & Human Services**, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence.  **Hamilton v. Secretary of Health and Human Services**, 961 F.2d 1495, 1497-98 (10th Cir. 1992); **Brown v. Sullivan**, 912 F.2d 1194, 1196 (10th Cir. 1990).  Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion.  **Brown**, 912 F.2d at 1196.  It requires more than a scintilla but less than a preponderance of the evidence.  **Hedstrom v. Sullivan**, 783 F.Supp. 553, 556 (D. Colo. 1992).  "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion."  **Musgrave v. Sullivan**, 966 F.2d 1371, 1374 (10th Cir. 1992).  Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence."  **Thompson v. Sullivan**, 987 F.2d 1482, 1487 (10th Cir. 1993).  Although a reviewing court should meticulously examine the record, it may not reweigh

---

[3] Throughout this opinion, I cite to relevant sections of Part 404 of Title 20 of the Code of Federal Regulations, which contain the Commissioner's regulations relating to disability insurance benefits. Identical, parallel regulations can be found in Part 416 of that same title, relating to supplemental security income benefits.

the evidence or substitute its discretion for that of the Commissioner.  *Id.*

### III.  LEGAL ANALYSIS

Plaintiff claims the ALJ erred in weighing the medical opinions of record and in discounting plaintiff's subjective reports of his limitations.  Finding no error, much less reversible error, in the ALJ's conclusions on these points, I affirm.

Due to the dearth of treatment records in this case, the opinions of the two consultative examiners, Dr. Kenneth Suslak and Dr. John Mars, and the non-examining state agency psychologist, Dr. Robert Brill, largely constitute the relevant medical record in this case.  The ALJ gave "great weight" to Dr. Brill's opinion and "considerable weight" to that of Dr. Mars, but only "limited weight" to the opinion of Dr. Suslak.  *See* 20 C.F.R. § 404.1527(c).[4]  Plaintiff contends this balancing of the medical opinions was error.

I disagree.  The very essence of the ALJ's duty is to consider and reconcile conflicts in the evidence, including particularly the conflicting medical opinions of record. ***Reyes v. Bowen***, 845 F.2d 242, 245 (10th Cir. 1988); ***Perotin v. Colvin***, 110 F.Supp.3d 1048, 1-54 (D. Colo. 2015) ***Ghini v. Colvin***, 82 F.Supp.3d 1224, 1233 (D. Colo. 2015).  Here, the ALJ specifically noted, contrary to Dr. Suslak's assertions that plaintiff was "essentially housebound with highly limited functioning and fears of being out in public" (Tr. 391), that at the time of the hearing, plaintiff had been working at least 30 hours a week as a bicycle assembler at Wal-Mart.  Although plaintiff complains the

---

[4] Because plaintiff's claims were filed prior to March 27, 2017, this section applies.  For claims filed after that date, the Commissioner is no longer required to "give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources."  20 C.F.R. § 404.1520c(a).

ALJ placed too much emphasis on the fact of his employment, it would be difficult to minimize it, as it runs so obviously counter to the narrative underpinning Dr. Suslak's opinions. Moreover, the ALJ frankly acknowledged plaintiff's testimony that he had some difficulties with regular work attendance and lateness at his job, but nevertheless found plaintiff's ability to maintain near-full-time employment despite these problems showed he was not as limited as Dr. Suslak suggested. (Tr. 22.) I find no reversible error in that common-sense conclusion.

The ALJ also found that Dr. Suslak's opinions were inconsistent with his own observations that despite appearing anxious and agitated, his mental status examination showed plaintiff was oriented to time, place, and person; had good recall of information; showed appropriate social comprehension and judgment; and exhibited high average functioning on tasks requiring abstraction. (Tr. 23-24, 391.) Those findings also were generally consistent with the observations of Dr. Mars (Tr. 385) and the conclusions of Dr. Brill that the medical record showed plaintiff had no "significant cognitive functional deficits," despite his anxiety (Tr. 69).

Given this evidence, the presumption that the opinion of a consultative examiner is entitled to more weight than a state agency physician who merely reviewed the record falls away. Although, all other things being equal, opinions of examining medical sources are generally entitled to more weight than those of non-examining sources, **Robinson v. Barnhart**, 366 F.3d 1078, 1084 (10th Cir. 2004), "'[i]n appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources.'" **Ellsworth v. Berryhill**, 2018 WL 2268008

6

at *4 (D. Colo. May 16, 2018) (quoting **Social Security Ruling** 96-6p, 1996 WL 374180 at *2 (SSA July 2, 1996)).[5]  **See also** 20 C.F.R. §§ 404.1527(e) & 404.1513a(b).  The ALJ committed no reversible error in weighing the medical opinions of record.[6]

Nor did the ALJ err in discounting plaintiff's subjective reports of functional limitations.  "[C]redibility determinations 'are peculiarly the province of the finder of fact,' and should not be upset if supported by substantial evidence."  **White v. Barnhart**, 287 F.3d 903, 909 (10th Cir. 2001).  So long as the ALJ links his credibility assessment to specific evidence in the record, his determination is entitled to substantial deference.  **Id.** at 910; **see also Qualls v. Apfel**, 206 F.3d 1368, 1372 (10th Cir. 2000); **Grandusky v. Berryhill**, 2018 WL 2722465 at *5 (D. Colo. June 6, 2018).

Such deference is warranted on this record.  The ability to work despite acknowledged limitations is powerful evidence that a claimant's impairments are not

---

[5] As the Commissioner points out in his response, SSR 96-6p has been rescinded and replaced by SSR 17-2p.  2017 WL 1105349 (SSA March 27, 2017).  Courts have disagreed as to whether SSR 17-2p should apply retroactively.  **Compare Rhiana v. Saul**, 2019 WL 4183974 at *5 n.7 (S.D. Ind. Sept. 4, 2019) (SSR 17-2p applicable because ALJ's opinion was issued after effective date of the ruling, citing cases) **with Jansky v. Acting Commissioner of Social Security**, 2019 WL 1123847 at *2 n.3 (M.D. Fla. March 12, 2019) (plaintiff's claim filed prior to effective date of SSR 17-2p, SSR 96-6p still applicable).  Nevertheless, substantively, SSR 17-2p deals solely with the requirements for a finding of medical equivalence, which is only one of the topics addressed in SSR 96-6p.  **See Social Security Ruling** 96-6p, 1996 WL 374180 at *1 (in addition to addressing issue of when opinion about medical equivalence is necessary, SSR 96-6p also "clarif[ies] Social Security Administration policy regarding the consideration of findings of fact by State agency medical and psychological consultants and other program physicians and psychologists by adjudicators").  Nevertheless, the notion that state agency medical sources are highly qualified medical professionals whose opinions may be relied on in appropriate circumstances seems enduring and uncontroversial.

[6] At several points, plaintiff argues the evidence of record shows error in the ALJ's opinion by referring the court to portions of the administrative transcript, which he then fails to discuss or analyze.  (**See, e.g.**, **Plf. Br.** at 6, 10.)  There are at least two problems with this approach.  First, I am neither required nor inclined to attempt to divine arguments in support of plaintiff's claims from a bare citation to the record.  **See Manning v. Colvin**, 182 F Supp.3d 1156, 1162 n.5 (D. Colo. 2016); **Carter v. Colvin**, 27 F.Supp.3d 1142, 1148 n. 4 (D. Colo. 2014), **aff'd**, 597 Fed. Appx. 501 (10th Cir. 2015).  Second, even if I were to consider this evidence, the mere fact that there may be two permissible views of the evidence does not indicate that the ALJ's choice between them was in error.  **Lax v. Astrue**, 489 F.3d 1080, 1084 (10th Cir. 2007); **Abdelmeged v. Colvin**, 2015 WL 5047645, at *6 (D. Colo. Aug. 26, 2015).

disabling.  *See Castolenia v. Berryhill*, 2019 WL 1991949 at *5 (D. Colo. May 6, 2019); *Kitch v. Astrue*, 2011 WL 4434972 at *4 (D. Colo. Sept. 23, 2011).  Moreover, as recounted above, the objective medical evidence supports the ALJ's conclusion that plaintiff is capable of functioning at a level not inconsistent with the residual functional capacity endorsed by the ALJ.  *Abdelmeged v. Colvin*, 2015 WL 5047645 at *5 (D. Colo. Aug. 26, 2015) (citing *Luna v. Bowen*, 834 F.2d 161, 165 (10th Cir. 1987)).  Relatedly, the ALJ noted that plaintiff received minimal treatment for his psychological impairment and appeared to be managed on medication prescribed by his primary care provider.  (Tr. 23.)  These too are appropriate considerations in assessing the credibility of a claimant's complaints.  *See* 20 C.F.R. § 404.1529(c)(3)(iv)-(v); **Barnett v. Apfel**, 231 F.3d 687, 690 (10th Cir. 2000); **Fernandez v. Colvin**, 2014 WL 928246 at *3 (D. Colo. March 10, 2014).

I therefore find and conclude that the disability decision should be affirmed.

### IV.  ORDERS

**THEREFORE IT IS ORDERED** that the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is affirmed.

Dated October 31, 2019, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge